(23 Misc. Rep. 734.)

ODELL et al. v. CLYDE et al.

(Supreme Court, Special Term, New York County. June, 1898.)

1. NOTES PAYABLE TO MAKER—INDORSEMENT—PLEADING.
   Under 2 Rev. St. (9th Ed.) p. 1851, § 5, giving notes payable to the maker, and negotiated by him, the same effect as if payable to bearer, a complaint on a note payable to maker need not allege an indorsement by him.

2. SAME—STATUTES—OPERATION.
   Laws 1897, c. 612, § 320, requiring notes payable to maker to be indorsed by him, does not apply to notes negotiated before its adoption.

3. SAME—DELIVERY—PLEADING.
   A complaint on a note, alleging the making thereof, need not allege a delivery by the maker.

Action by Benjamin B. Odell and another, as receivers of the Murray Hill Bank, against Julia M. Clyde and another, on a note. Heard on demurrer to the complaint. Overruled.

W. C. Breed, for plaintiffs.
H. B. B. Stapler, for defendants.

GILDERSLEEVE, J. The complaint sets forth the cause of action as follows, viz.:

"Third. Upon information and belief, that heretofore the defendant Julia M. Clyde, on or about the 9th day of July, 1896, made her promissory note in writing, dated that day, whereby, for value received, she promised and agreed to pay to the order of herself the sum of $4,925, at the Murray Hill Bank, in the city of New York, thirty days after the date thereof. Fourth. That the defendant Robert J. Clyde thereafter, and before maturity, duly indorsed the said note, and, as thus indorsed, it was delivered to the said Murray Hill Bank, for value, and has come into the hands of these plaintiffs as a part of the assets of the said bank."

The complaint also alleges a demand at maturity, a refusal, protest for nonpayment, and due notice thereof. The defendants demur to the complaint on the ground that it does not set forth facts sufficient to constitute a cause of action, for the reason that it does not state that the note was indorsed by the maker, Julia M. Clyde, or that it was negotiated by her by delivering it for value or with intent that the same should be negotiated. By the common law, a promissory

note, made payable to the order of the maker, is inchoate and invalid until it has been indorsed by the maker, when it becomes a valid promissory note, of which the indorsee is the payee, or, if no indorsee is named, it is deemed payable to bearer. See 4 Am. & Eng. Enc. Law (2d Ed.) p. 120, and cases there cited. This doctrine, however, was modified by a statute (2 Rev. St. [9th Ed.] p. 1851, § 5) which provided that "such notes, made payable to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker and all persons having knowledge of the facts as if payable to bearer." Under this statute, notes payable to the order of the maker are valid without indorsement if negotiated by the maker, and are to be deemed payable to bearer; and a note may be said to be "negotiated," within the meaning of the statute, when it is delivered by the maker for a consideration or for circulation. Bank v. Lang, 1 Bosw. 202; Plets v. Johnson, 3 Hill, 112; Bank v. Alley, 79 N. Y. 536. The statute above set forth has been superseded by that of 1897 (chapter 612, § 320), which provides that, "where a note is drawn to the maker's own order, it is not complete until indorsed by him." But as the transaction which forms the subject-matter of the case at bar took place prior to the enactment of this statute of 1897, and while the previously quoted statute was in force, the question here presented must be considered in the light of that statute. As regards both these demurrers, the only question raised is as to the sufficiency of the allegation of the complaint in respect to the delivery or negotiation of the note by the maker. As we have seen, the complaint merely shows that the note was made by Julia M. Clyde to her own order, that Robert J. Clyde indorsed it, and that, as thus indorsed, it was delivered to the Murray Hill Bank for value; but it does not state by whom it was so delivered. There is no allegation of an indorsement by Julia M. Clyde, and no allegation that the note was negotiated or delivered by her. It is perfectly true that no contract arises upon a promissory note until the delivery of the instrument, actual or constructive, and that until such delivery it remains revocable and unenforceable, and that a promissory note has no inception until it has been delivered by the maker to the payee. See 4 Am. & Eng. Enc. Law (2d Ed.) p. 201, and cases there cited. But the authorities hold that it is not necessary to aver the delivery of a note in the complaint, for the averment that the note was made includes the idea of a delivery, without which the making is not complete. See Daniel, Neg. Inst. (4th Ed.) § 63. See, also, Russell v. Whipple, 2 Cow. 536. In the case of Peets v. Bratt, 6 Barb. 662, where the complaint alleged that on a certain day, and at a certain place, the defendant, by his promissory note in writing, for value received, promised to pay to plaintiff or bearer a specified sum, and that he had not paid the same, but was indebted therefor to plaintiff, it was held on demurrer that this was sufficient, although there was no allegation that defendant delivered the note. In the case of Erwin v. Downs, 15 N. Y. 575, the court say: "Neither the complaint, nor the findings of the referee, tells us who transferred the notes to the plaintiff. The legal presumption is that he received

them from some legal holder, and in course of business." We cannot assume that Julia M. Clyde put the note away in her drawer, without intention of delivering it, or that it came wrongfully into the possession of the bank. If, in point of fact, she did not deliver it, that defense can be raised by answer on the trial. But I am of opinion that the allegations of the complaint are sufficient, and that the demurrers should be overruled, with leave, to answer within 20 days after service of notice of the entry of the order hereon.

Ordered accordingly.