No. 18,626.

EZRA C. VORIS, *Appellee*, v. FRANK SCHOONOVER et al.,
*Appellants*.

### SYLLABUS BY THE COURT.

NOTE—*Payable to "Order of A or B"—Endorsed by A—Bona
fide Holder*. Where a promissory note payable "to the order
of A or B" is indorsed by A only, to one who takes it in good
faith, for value and without any notice of infirmity in the
instrument or defect in the title, the indorsee is a holder in
due course, under the provisions of the negotiable instruments
law.

Appeal from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed February 7, 1914. Af-
firmed.

*John H. Connaughton*, and *J. Q. Jenkins*, both of
Kingman, for the appellants.

*Chas. C. Calkin*, of Kingman, for the appellee;
*M. W. Bruner*, of Crawfordsville, Ind., of counsel.

The opinion of the court was delivered by

BENSON, J.: The question to be decided is whether
the indorsement of the promissory note, which is the
subject of this action, is sufficient to constitute the
plaintiff a holder in due course, as defined in the
negotiable instruments law, in the circumstances dis-
closed in an agreed statement of facts.

The promissory note in question recites a promise
"to pay to the order of Lew W. Cochran or R. F.
Dygert." It is agreed that the note was indorsed be-
fore maturity by Cochran, while he had it in his pos-
session; that he delivered it to the plaintiff for value,
who took it without notice or knowledge of any in-
firmity, or defect in title, and without any bad faith.
It is also agreed that if the indorsement of Cochran
was sufficient without the indorsement of Dygert, the

defendants have no defense. The note was, however, indorsed by Dygert after its maturity.

Section 15 of the negotiable instruments law provides:

"The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order. It may be drawn payable to the order of: (1) A payee who is not maker, drawer, or drawee; or (2) the drawer or maker; or (3) the drawee; or (4) two or more payees jointly; or (5) one or some of several payees; or (6) the holder of an office for the time being. Where the instrument is payable to order, the payee must be named or otherwise indicated therein with reasonable certainty." (Gen. Stat. 1909, § 5261.)

It will be observed that subdivision 4 refers to joint payees, while subdivision 5 refers to one or some of several payees. This instrument falls under this last subdivision. Section 48 of the same law declares that:

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." (Gen. Stat. 1909, § 5294.)

Construing this section with subdivision 4 of section 15, a note payable "to A *and* B" must, if the payees are not partners, be indorsed by both, but if payable "to A *or* B," the order to pay is complete on the indorsement of either.

A statute of Iowa is identical with section 48 of our law. In an action in that state upon a promissory note, made payable "to the Royal Mutual Life Insurance Company, or Hugh Blackman," the court said:

"It is manifest that the note before us does not fall within the terms of the statute, for the reason that it was not made payable to two or more payees or to their order. It was made payable to either one of two payees, and under Code Supp. section 3060a8, its indorsement by either one of the payees named therein would pass title. Under the last-named provision of the statute a note made payable to one or some of

several payees is payable to the order of any of the payees named, and is negotiable." (*Union Bank v. Spies,* 151 Iowa, 178, 179, 130 N. W. 928.)

While the provision of the Iowa code last referred to in the opinion differs in phraseology from section 15 of our negotiable instruments law, we believe the legal effect is the same. Without regard to that decision, however, it seems clear that where a note is made payable "to A or B" the indorsement of either constitutes the order and is sufficient. The district court so held, and the judgment is affirmed.