SIDNEY D. SUGAR, Respondent, *v.* ISIDOR SILVERMAN,
Appellant.

SIDNEY D. SUGAR, Respondent, *v.* HARRY SILVERMAN,
Appellant.

(Supreme Court, Appellate Term, First Department, December,
1918.)

Trial — actions to recover loans — evidence — negotiable instruments —
when refusal to charge prejudicial error — Negotiable Instruments
Law, §§ 30, 320.

In two actions tried as one to recover a loan to each of the
defendants the issues were sharply contested and plaintiff's
counsel upon the cross-examination of defendants over their
objection and exception was allowed to question them as to
what occurred five or six years before when said counsel had
drawn papers for the dissolution of a partnership to which
either or both defendants belonged, there being no connection at
all between the matters inquired about and the issue in the
case on trial, and the credibility of the defendants being in no
respect affected by the inquiry.  The trial justice also cross-
examined the defendants without protest from their counsel
and before any question was put to plaintiff when called in
rebuttal, a motion by defendants to reopen their case was denied.
*Held,* that it appearing that defendants' notes given to plaintiff
and which he testified were signed and delivered on May 9,
1917, immediately before he made the loans were actually dated
May 18, 1917, a refusal to charge that if any moneys were
advanced by plaintiff prior to the time he asked defendants

to give the notes, then there could be no recovery for any moneys thereon, was prejudicial error and the judgment entered on the verdict in favor of plaintiff in each case will be reversed and a new trial ordered.

Although without indorsement the notes were incomplete as negotiable instruments under section 320 of the Negotiable Instruments Law and not entitled to the statutory presumption, under section 30 of said law, that ·they .were signed on the day of their date, they were entitled to the benefit of the common law presumption that facts which usually and regularly coexist in business affairs in the absence of evidence to the contrary coexist in any particular case and therefore, a refusal to charge, that the presumption was that the notes were signed on the day of their date, on the ground that they were not negotiable instruments, was also reversible error.

Mullan, J., dissents.

APPEAL by defendants from judgments of the City Court of the city of New York, entered on verdict in favor of plaintiff.

Gans, Davis & O'Neill (Joseph Gans, of counsel), for appellants.

Goldstein & Goldstein (Jonah J. Goldstein and Joseph Hirschman, of counsel), for respondent.

Guy, J.   In these two actions, which were tried as one, plaintiff sought a recovery upon a loan of $500 to each of the defendants.   In each complaint it is alleged the loan was made and the money given by defendant's direction to the plaintiff's uncle Louis Sugar (hereinafter referred to as the uncle).   Said uncle is a cousin of the defendant, and plaintiff and defendants are cousins.

Plaintiff testified that first the defendant Isidor Silverman and later the defendant Harry Silverman called upon him, May 9, 1917, and told plaintiff that

the uncle had asked them for money; that they did not have any money to lend, and requested plaintiff to lend them the money and they would advance it to the uncle; that plaintiff agreed to make a loan of $500 to each defendant, said he would take a note from each for $500 and instructed his bookkeeper to make out the notes; that each of the defendants signed the note written out by the bookkeeper; that there was no date on either note; that plaintiff offered to give the defendant Isidor a check for the note, but that defendant said not to mind, that he would send his brother, the defendant Harry Silverman, down and plaintiff could give him the $1,000 to hand to the uncle; that after the defendant Harry Silverman signed his note plaintiff offered to give him a check for $1,000, but Harry said, " Never mind, my uncle is in my place of business. We will send him up. Give him the check; " that plaintiff made out a check for $1,000 and gave it to the uncle, and the uncle took the check down to Harris & Fuller, stockbrokers, from whom he obtained a receipt dated May 9, 1917. Each of the notes was made payable to the maker four months after date, and was unindorsed, and plaintiff testified that on May eighteenth, nine days after the loans were made, he wrote in the date, May eighteenth, on each of the notes.

The defendants denied that any loan was made or that any money was paid by plaintiff to the uncle at their request, and their version of the transaction was that upon plaintiff's suggestion, and for the purpose of inducing other relatives of the uncle to help him carry his investments and receive the income therefrom they agreed with the plaintiff and did make out the two notes; that plaintiff said he would show these notes to other relatives of the uncle, and as they were

Appellate Term, First Department, December, 1918.   [Vol. 105.

payable to the order of the maker the defendants were safe, as they could not be negotiated; that if sufficient financial help was procured by plaintiff for the uncle from other relatives defendants would put up the money for the notes and they would go down to the brokers and take the stock for the money to be paid; that the notes were signed on the date which appears thereon, May eighteenth, and were given to the uncle, not to the plaintiff; that some time after giving the notes they inquired of the plaintiff as to what was being done in the matter, and plaintiff replied that it was hard to get everybody to put up the money and that whenever he got the money from the other parties he would inform the defendants, and that some months afterwards they demanded the return of the notes from the plaintiff, but never received them back.

The issues were sharply contested, and it is apparent that appellants have cause to complain of rulings of the trial court in the admission and rejection of evidence and the conduct of the trial. Over the objection and exception of the defendants plaintiff's counsel was allowed upon their cross-examination to question them as to what occurred five or six years before when the office of plaintiff's counsel drew papers for the dissolution of a copartnership to which either or both defendants belonged, there being no connection at all between the matters inquired about and the issues in this action, and the credibility of the defendants being in no respect affected by the inquiry. The learned trial court also took a hand in the cross-examination of the defendants, but without any protest from their counsel. And when the defendants rested the plaintiff was called in rebuttal, and before any question was put to the plaintiff defendants' counsel asked permission to reopen their case, which request was denied by the court.

Bearing in mind the fact that defendants' notes given to plaintiff and which he testified were signed and delivered on May ninth, immediately before he made the loans, were actually dated May eighteenth, defendants' counsel asked the court to charge that " if any moneys were advanced by the plaintiff prior to the time he asked defendants to give these notes, then there can be no recovery for any moneys on the alleged notes." The court declined to so charge, and defendants excepted; whereupon the court said, " This is not an action brought upon the notes. I will say to the jury that if that money was loaned, regardless of what these pieces of paper were given for, that these papers are merely to be given such weight as you in your judgment may deem proper; but the payment, if there was a loan, must have been at a date subsequent to the time these papers were signed." Defendants' counsel then asked the court to charge that the presumption was that the notes were signed on the day they bear date, and the court declined to make such charge, placing the refusal upon the ground that they were not negotiable instruments, to which ruling exception was taken.

Although the notes without indorsement were incomplete as negotiable instruments (Neg. Inst. Law, § 320) and therefore not entitled to the statutory presumption that they were signed on the day of their date (Id. § 30), I think they are entitled to the benefit of the common-law presumption that facts which usually and regularly co-exist in business affairs are presumed in the absence of evidence to the contrary to co-exist in any particular case (16 Cyc. 1072), and the refusal to charge as requested upon a matter which bore so directly on the crucial point in the case was prejudicial to the defendants.

Appellate Term, First Department, December, 1918.   [Vol. 105.

It follows that the judgments must be reversed and a new trial awarded in each case, with costs of the appeal to the appellants to abide the event.

Mullan, J., dissents.

Judgments reversed and new trial ordered, with costs to appellants to abide event.