IN RE ESTATE OF MARY A. RICHARDSON.

GRIMES SAVINGS BANK, Appellant, v. G. S. TOLLIVER, Executor, Appellee.

**EVIDENCE:** Handwriting—Conclusiveness of Proof. The court may
1   not say that the genuineness of a signature, duly put in issue, is conclusively established solely by expert *opinion* evidence of its genuineness, and thereby rightfully exclude the jury from passing upon the issue.

**NEW TRIAL:** Grounds—Inconsistent Instructions. Inconsistent instruc-
2   tions on a material issue furnish grounds for a new trial. So held where the court instructed that the only issue submitted to the jury was the genuineness of an indorsing signature on a note, but later instructed that the jury must determine the genuineness of the signature to the note itself. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 386 *et seq.*)

**BILLS AND NOTES:** Indorsement—"Myself" Note. Principle re-
3   affirmed that a promissory note payable to "myself" is a nullity until duly indorsed by the maker.

APPEAL AND ERROR: New Trial—Motion Sustained Generally—Effect. The sustaining generally of a many-pointed motion for a new trial will be affirmed if any of the grounds are meritorious. See Book of Anno., Vol. 1, Sec. 11550, Anno. 19 *et seq.*)

Headnote 1: 22 C. J. p. 728. Headnote 2: 8 C. J. p. 1073; 29 Cyc. p. 787. Headnote 3: 8 C. J. p. 350. Headnote 4: 4 C. J. p. 784.

Headnote 1: 64 L. R. A. 307; 11 R. C. L. pp. 620, 622.

*Appeal from Greene District Court.*—E. G. ALBERT, Judge.

APRIL 6, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Claim in probate on a promissory note alleged to have been executed by the decedent, Mary A. Richardson. The jury returned a verdict in behalf of the claimant. The trial court sustained a motion for a new trial, and from the order granting the same the claimant appeals.—*Affirmed.*

*E. B. Wilson* and *J. G. Myerly,* for appellant.

*W. L. Kline* and *Salinger, Reynolds & Meyers,* for appellee.

FAVILLE, J.—Forty-six errors are assigned by appellant. The action is on a promissory note for the sum of $6,800. The note is made payable to the order of "myself," and purports to be signed by the decedent, Mary A. Richardson, and indorsed by her upon the back of said note. Appellant claims to be a holder of said note in due course. Appellee denies the genuineness of the signature of said note and of the indorsement thereon, and alleges that said note was given by the decedent for a subscription to stock in a certain corporation, and that it was secured by false representations and fraud on the part of the stock salesman of said corporation. Appellee moved for a new trial upon nineteen different grounds, and the court sustained said motion generally.

I. It is appellant's contention that it was entitled to a directed verdict, and that, even though error was committed in the trial of said cause and in the submission of the same to the jury,

the court should not have granted a new trial because of such errors, but should have sustained the verdict in any event.

It is true that a case may be in such a situation that, upon the whole case, it appears that the sole question presented is one of law.  Under such circumstances, we may consider the case in its entirety, and reverse the granting of a new trial if it appears that, upon the only record of facts that can be made in the case, a verdict should have been directed.  See *Farnsworth v. Umlandt*, 177 Iowa 39; *Snyder v. Guthrie*, 193 Iowa 624.  The record in the instant case does not present such a situation.  We cannot hold, as a matter of law, that no such case can be made as would entitle appellee to go to the jury on the facts.  In other words, upon the entire record, appellant's right to recover was not so indubitably established that it must be held, as a matter of law, that appellant is entitled to a directed verdict in any event.  The case does not, under the record before us, necessarily come within the rule of *Second Nat. Bank v. Scanlon*, 196 Iowa 1305; *First Nat. Bank v. Brown*, 197 Iowa 1376; *Arnd v. Jones*, 197 Iowa 244; and similar cases.

One of the questions at issue in the instant case was with regard to the genuineness of the signature of the decedent to the note in question and to the indorsement thereon.  There was no direct proof of the genuineness of this signature.  The evidence on that subject was solely that of witnesses who gave it as their opinion that the signatures in question were the true signatures of the decedent.  Section 11278, Code of 1924, is as follows:

"Evidence respecting handwriting may be given by experts, by comparison, or by comparison by the jury, with writings of the same person which are proved to be genuine."

Under and by virtue of this statute, the jury is given somewhat unusual functions in respect to the matter of handwriting, where such an issue is presented.  It is not bound to accept unqualifiedly the testimony of experts in such a case.  It may be true that, in a case where a signature is denied under oath, the proof in regard to the signature may be so indubitable and conclusive that the court should hold it to be a genuine signature, as a matter of law.  But such is not the situation in the instant case. No one purports to testify to having seen the decedent sign the instrument in question, or to have been present when it was

*Margin note:* 1. EVIDENCE: handwriting: conclusiveness of proof.

signed, or to testify to such facts and circumstances as that the court should hold, as a matter of law, that the genuineness of the signature was established. It therefore was a proper question, under the facts of this case, for the determination of the jury; and the court should not, as a matter of law, have directed a verdict in behalf of appellant.

This is not a holding that there were not other reasons why, upon the record, the court was not bound to direct a verdict for appellant. It illustrates that the ruling was not erroneous.

We cannot acquiesce in the contention of appellant that the court erred in granting a new trial because of the claim that, in any event, appellant was entitled to a verdict, upon the record, as a matter of law.

II. One ground of the motion for a new trial challenged certain instructions. In Instruction No. 1, the court told the jury as follows:

"There will be but two questions submitted to this jury for their consideration, as follows: 1. Did Mary A. Richardson indorse the note Exhibit A by writing her name on the back thereof; or, in other words, is the name of Mary A. Richardson, indorsed on the back of said Exhibit A, her true signature; and, if it is found to be the true signature of Mary A. Richardson, did she put the note in circulation? 2. Is the plaintiff bank herein an innocent purchaser of said note, as the same is explained in the instructions to follow?"

2. NEW TRIAL: grounds: inconsistent instructions.

In Instruction No. 2, the court said:

"The first question for your consideration is the question of whether or not the name of Mary A. Richardson, appearing on the back of Exhibit A, is her true signature, and was made by her."

In Instruction No. 16, the court told the jury as follows:

"If, after considering all the evidence in the case and applying the rules of law laid down to you in these instructions, the plaintiff bank has established, by a preponderance of the evidence, that the signature to the note Exhibit A is the true signature of the said Mary A. Richardson, and in addition thereto has proven by a preponderance of the evidence that the plaintiff bank purchased the note in suit for a valuable consideration, before it was due, without knowledge or notice of any fraud used

in the procurement of said note of Mary A. Richardson, and purchased the same in good faith, then you should bring in a verdict in favor of the plaintiff. If the plaintiff bank had failed to establish any of these matters by a preponderance of the evidence, then you should bring in a verdict for the defendant.''

It is apparent that in Instruction No. 1 the court told the jury that but one question as to signatures was submitted, and that was whether or not the decedent indorsed the note by writing her name on the back thereof. In Instruction No. 16 the court told the jury that the claimant must establish by a preponderance of the evidence that the signature on the note Exhibit A is the true signature of the said Mary A. Richardson. The court inadvertently undoubtedly fell into an error in giving these two instructions, but it is apparent that they are inconsistent. The note in question is what is known

3. BILLS AND NOTES: indorsement: "myself" note.
as a ''myself'' note. It purported to bear the signature of Mary A. Richardson upon the face and her indorsement on the back. Both of these signatures were put in issue by the appellee's specific denial. The genuine indorsement of the maker, Mary A. Richardson, was necessary, to give negotiability to the note. In *Louisa County Nat. Bank v. Burr,* 198 Iowa 4, we said:

''The note was made payable 'to the order of myself,' and was signed by appellee as maker, and indorsed on the back, 'Levi P. Burr.' The note was presented to appellee, and protested for nonpayment. Was appellee liable both as maker and indorser, and did the court err in withdrawing the second count of the petition from the jury? The indorsement of appellee was necessary, to give negotiability to the note. Without such indorsement, and until delivery, it was a mere nullity. Appellee could not contract with himself, and thereby become both debtor and creditor in the same transaction. Upon indorsement and delivery, the note became negotiable, and appellee became bound as maker.''

In the instant case, the court in one place told the jury that it was only called upon to determine the genuineness of the signature. In another place it was told, in effect, that it was essential that it determine the genuineness of the indorsement. In no place was it told that it must determine the genuineness of both the signature and the indorsement. The instructions were ob-

viously inconsistent. Appellee was entitled to have the jury properly instructed as to both the signature and the indorsement, under the issues and evidence as presented. No claim was made that the indorsement was a ratification of the signature and an adoption of the same.

Sufficient ground for granting a new trial is found in the foregoing. We have not attempted to discuss each of the propositions presented by appellant in its contention that none of the grounds of the motion for a new trial was well

4. APPEAL AND ERROR: new trial: motion sustained generally: effect.

taken. It may be conceded that not all of them were meritorious, but, if any one was sufficient to warrant the ruling of the trial court, we will not reverse. As to the merits of other grounds of the motion for a new trial we express no opinion. Some of the matters urged in the motion for a new trial are quite likely to be obviated or not to arise upon a retrial of the case.

We have indicated enough to show that the trial court did not err in sustaining the motion for a new trial, and the order appealed from is, therefore,—*Affirmed.*

DE GRAFF, C. J., and EVANS, VERMILION, and MORLING, JJ., concur.

ALBERT, J., takes no part.