JENNIE N. WILLIAMS *et al. v.* JAMES N. THORNTON,
EXECUTOR.*

(*Nashville.* December Term, 1929.)

Opinion filed  January 18, 1930.

230

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, section 516, p. 341, n. 50; Estates, 21CJ, section 250, p. 1044, n. 5; Executors and Administrators, 24CJ, section 2391, p. 964, n. 72; section 2392, p. 968, n. 17; section 2434, p. 999, n. 46; Gifts, 28CJ, section 61, p. 660, n. 95; section 83, p. 679, n. 61.

HARRY SPEARS and W. H. BORSJE, for complainant, appellee.

TAFT & TAFT, JAS. H. MALONE and SAM TAUBENBLATT, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a contest over proceeds of a note bought by one Jaquess who died March 18, 1923. The complainants, as beneficiaries under the will of Jaquess, claim the proceeds of the note and the defendant claims that the note was a personal gift to him from Jaquess, prior to the death of the latter, and defendant as executor therefore contends that he is not required to account for the amount collected from this source. The chancellor decided in favor of the complainants and the defendant has appealed.

The case was tried below on stipulation, from which it appears that on October 3, 1922, Jaquess bought from a banker at Memphis a mortgage note for $1000 and directed it to be indorsed to "O. T. Jaquess and/or James M. Thornton." Jaquess told the banker that Thornton was his (Jaquess') only heir and that after his death the principal was to go to him (Thornton). Jaquess placed the note in a safety deposit box to which he alone had access. Likewise Jaquess himself collected the semiannual interest accruing on said note March 1, 1923.

Jaquess left a will in which Thornton was named as executor. Thornton qualified and took possession of the effects of Jaquess, among other things this note. Thornton was advised that the note was his and collected it and appropriated the proceeds. As indicated, this is a suit by the beneficiaries under the will of Jaquess to force Thornton to account for the proceeds of said note.

We think that the conclusion reached by the chancellor was correct. There was neither a delivery of this note by Jaquess to Thornton, nor was any intention manifested by Jaquess to make a gift of said note to Thornton—at least no intention to make a gift of any present interest. Intention to make the gift and delivery of the subject of the gift must both appear in order to accomplish such a transaction. *Wilson* v. *Wilson,* 151 Tenn., 486; *Scott* v. *Bank,* 123 Tenn., 258; *Balling* v. *Trust Company,* 110 Tenn., 288.

Certainly there was no actual delivery to Thornton nor to anyone for him. The note was placed in Jaquess' own safety deposit box, to which no one but him had access.

To complete a gift the intention of the owner to part with dominion and control of the subject must clearly appear. *Shugart* v. *Shugart,* 111 Tenn., 179; *Shegog* v. *Perkins,* 63 Tenn. (4 Baxt.), 273. The indorsement of the note procured by Jaquess negatived any such intention.

The note being indorsed to Jaquess "and/or" Thornton—"one or some of several payees"—authorized Jaquess to negotiate it. Subsection 5, section 8, chapter 94, Acts 1899 (Negotiable Instruments Act). *Union* v. *Spies,* 151 Ia., 178; *Voris* v. *Schooner,* 91 Kan., 530, 50 L. R. A. (N. S.), 1097; *Page* v. *Ford,* 65 Ore., 450, 45 L. R. A. (N. S.), 247,

There was nothing to indicate that the possession retained by Jaquess was as agent of Thornton as in *Royston* v. *McCulley* (Ch. App.), 59 S. W., 775, 52 L. R. A., 889, and *Wilson* v. *Wilson, supra.* Had the note been indorsed to Thornton alone, these cases would have been more in point. All was not done ''which was possible under the circumstances in the matter of delivery'' and *Scott* v. *Bank, supra,* is no authority for defendant.

In *Smith* v. *Haire,* 133 Tenn., 343, the certificate of deposit was payable to husband or wife. The proof showed in that case that *or* was used in the sense of *and* and under the law governing the relation of husband and wife at that time this was a joint chose in action, to which the wife was entitled as survivor.

It seems to us that the real intention of Jaquess, indicated by his statement to the banker from whom he purchased the note, was to reserve a life interest in said note for himself and to give the remainder interest to Thornton. This intention is further evidenced by the act of Jaquess in collecting a semiannual installment of interest which accrued on the note prior to his death. It is well settled, however, that a remainder estate in personal property cannot be created by parol. *Payne* v. *Lassiter,* 18 Tenn. (10 Yerg.), 507; *Williams* v. *Conrad,* 30 Tenn. (11 Humph.), 411; *Hallum* v. *Yourie,* 33 Tenn. (1 Sneed), 369, 23 R. C. L., 496.

The chancellor refused any allowance to defendant by way of compensation as executor and refused any allowance to him for attorney's fees. The chancellor also charged defendant with interest on the balance found to be due from him, calculating interest from a period two years and six months after defendant's qualification as executor. Defendant assigns errors to this ac-

tion of the chancellor and these assignments of error must be overruled.

The defendant qualified as executor March 21, 1923. He filed no inventory and undertook to make no settlement of any character until after the bill in the present case was filed June 25, 1928. As a general rule no compensation will be allowed a personal representative who makes no settlements until compelled to do so. Sizer's Pritchard Law of Wills, etc., section 790.

We see no occasion for the employment of counsel by the defendant in his capacity as executor. The only need for counsel was by Thornton individually to aid him in his effort to establish his individual right to the proceeds of the note. The estate cannot be charged with this expense.

As to interest, ordinarily, where there is no occasion for delay, a personal representative who does not make settlement within a year is charged with interest after the expiration of that period. The complainants assign no error as to the chancellor's allowance of interest.

Affirmed.