GLENS FALLS INDEMNITY COMPANY, Appellant, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Respondent.

(Argued October 7, 1931; decided November 17, 1931.)

*William J. Killea* and *Paul Kieffer* for appellant. Defendant's predecessor converted the check. (*Wagner Trading Co. v. Battery Park Nat. Bank*, 228 N. Y. 37; *Standard Steam Specialty Co. v. Corn Exchange Bank*, 220 N. Y. 478; Neg. Inst. Law, §§ 95, 98.) There can be no negotiation of a check between co-payees and, therefore, plaintiff's indorsement and delivery of the check to its co-payee did not divest it of title to the check in the hands of one who converted it. (*Stelling v. Grabowsky*, 19 N. Y. Supp. 280; *Collyer v. Cook*, 28 Ind. App. 272; *Spaulding v. First Nat. Bank*, 210 App. Div. 216; 239 N. Y. 586; *Moskowitz v. Marrow*, 251 N. Y. 380; *Marrow v. Moskowitz*, 255 N. Y. 219.)

*Wolfgang S. Schwabacher, Harold P. Seligson* and *Edward Garfield* for respondent. This action for conversion cannot be maintained because plaintiff divested itself of title to the check when it indorsed and delivered the instrument to the co-payee. (*Goddard v. Lyman*, 31 Mass. 268; *Sneed v. Mitchell*, 2 N. C. 289; *Logue v. Smith*, Wright [Ohio], 10; *Bond v. Holloway*, 18 Ind. App. 251; *Citizens Nat. Bank v. Walton*, 96 Va. 439; *Voris v. Schoonover*, 91 Kan. 530; *Union Bank v. Spies*, 151 Iowa, 178; *Williams v. Thornton*, 160 Tenn. 229; *Page v. Ford*, 65 Ore. 450; *Bedell v. Carll*, 33 N. Y. 581; *Everett v. Vendryes*, 25 Barb. 383; 19 N. Y. 436; *Burdick v. Green*, 15 Johns. 247; *Slattery v. National City Bank*, 114 Misc. Rep. 51; *Stelling v. Grabowsky*, 19 N. Y. Supp. 280; *Collyer v. Cook*, 28 Ind. App. 272.) Plaintiff's indorsement is an indorsement in blank and did not operate to reserve any title in the plaintiff, and no facts are pleaded from which a reservation of title can be inferred. (Neg. Inst. Law, §§ 63, 66, 67, 68, 69, 113.) Plaintiff's interest in the check was validly vested in the bank. (*Seaboard*

*Nat. Bank* v. *Bank of America,* 193 N. Y. 26; *Caledonian Ins. Co.* v. *National City Bank,* 208 App. Div. 83.)

LEHMAN, J. The plaintiff sues for the conversion of a check and its proceeds by a trust company whose liabilities have been assumed by the defendant. According to the allegations of the complaint, which we must assume to be true, the check was payable to the order of Adnaloy Realty Corporation and/or the plaintiff herein. It was delivered by the maker to the plaintiff. Thereafter the plaintiff delivered the check to the co-payee, Adnaloy Realty Corporation, with the indorsement upon it, " Payment approved. Glens Falls Indemnity Company, by Sidney G. Barnett, Attorney." The president of the Adnaloy Realty Corporation, Michael F. Longo, indorsed the check " Adnaloy Realty Corp., by Michael F. Longo Pres.," and " Michael F. Longo," and without authority from the plaintiff or the Adnaloy Realty Corporation deposited the check to his own credit and account with the trust company. The trust company collected the amount of the check from the bank on which it was drawn and applied the proceeds in part payment of a personal obligation owing to it by Michael F. Longo.

Earlier doubt and conflict of authority as to whether an instrument drawn payable to the order of " one or some of several payees " is negotiable, has been resolved by the Negotiable Instruments Law (Cons. Laws, ch. 38, § 27); Daniel on Negotiable Instruments ([6th ed.] § 103). Rights arising under such an instrument are now determined by the provisions of the statute. The holder of an instrument drawn payable to the order of one or more of several payees may collect or negotiate it; but since a " holder," as defined by the statute, " means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof " (Neg. Inst. Law, § 2), no one of the several payees to whose order the instrument is drawn is its holder unless he is also in possession of it.

The Glens Falls Indemnity Company became the holder of the check upon delivery to it. It is said that delivery of the check by the Glens Falls Indemnity Company, one of the payees and the holder of the check to the Adnaloy Realty Corporation, the other payee named in the check, with the indorsement "Payment Authorized" upon it, made the Adnaloy Realty Corporation an indorsee or bearer of the check. Nothing in the words indorsed on the check shows an intention to give these words so extraordinary an effect, but it is argued that section 113 of the statute gives the indorsement that effect regardless of the intention of the parties. The force of that argument may well be doubted; but the rights and obligations of the Adnaloy Realty Corporation and of the defendant remain the same whether we accept or reject that argument. The Adnaloy Realty Corporation became the holder of the check when possession of the check was delivered to it, because it was a payee of the check by its terms, even if it did not become an indorsee or bearer by the indorsement upon it. The trust company accepted the check from Michael F. Longo with notice that Longo's title, if any, was derived from the holder, Adnaloy Realty Corporation, by indorsement which he himself had placed upon the note as president of the corporation. Since Longo had in fact no authority to indorse the check as agent of the Adnaloy Realty Corporation, title to the check and its proceeds never passed to him or from him to the trust company which had notice of the defect in Longo's title. By the acts of the trust company the holder of the check has been deprived of possession of the check, and any rights of property it may have in the check have been invaded. It has right of action for conversion against the defendant (*Wagner Trading Co.* v. *Battery Park Nat. Bank,* 228 N. Y. 37), but it asserts no such right. The question here presented is whether the plaintiff, as one of several payees to whose order a check is drawn, may bring an action for

its conversion, though at the time of the alleged conversion it was not the holder of the instrument.

The Negotiable Instruments Law deals with rights of parties under the instrument. It does not affect the rights of other parties or even the rights of parties, as between each other, arising outside of the instrument, to possession of the instrument or its proceeds.

Doubtless a party may have title to a negotiable instrument or right to its possession though not a holder of the instrument. Just as title to an instrument may be transferred without indorsement, though, in such case, the new owner is not a " holder " of the instrument (Neg. Inst. Law, § 79), so title to the instrument and its proceeds, or at least right to possession of the instrument, may be in one person though, for convenience in collecting or other reason, another person is the holder of the instrument. In such case, the holder can transfer to an innocent purchaser a perfect title to the instrument, though his own title be defective. Against a title so transferred no other person may assert superior rights of which the purchaser had no notice. That rule does not apply here, for the Adnaloy Realty Corporation has transferred no title to the trust company and the trust company has acquired no title of any kind. Therefore, even though the trust company had no notice at the time of the conversion that the plaintiff retained any title or right of property which it might assert against the Adnaloy Realty Corporation, the trust company by wrongfully taking the check from the Adnaloy Realty Corporation can certainly not acquire a " title " or right of possession better than even the Adnaloy Realty Corporation had. If, therefore, the allegations of the complaint show that by the wrongful acts of the trust company, the plaintiff has been deprived of rights retained by it after the check was delivered to its co-payee, then the complaint is sufficient.

The complaint fails to allege that the plaintiff had any right to possession of the instrument or any property

therein, except such right or property as it may have, as one of the payees to whose order the instrument was drawn. The only right arising under the instrument was a right to deal with the instrument as a " holder " while it was in its possession. It parted with its rights as holder by delivery of the instrument to a co-payee, even if it did not negotiate the instrument to the co-payee by indorsement and delivery. Therefore, the rights of the plaintiff are no greater if we deny to the indorsement the effect urged by the defendant, just as the liability of the trust company, which never acquired title to the instrument, is no less if we give it that effect. The defendant in either case would be liable to any party which has any title or right of property in the check which the trust company invaded by dealing with the check as the property of Longo, and the plaintiff in either case would not, so far as appears from the allegations of the complaint, have any property or right to possession which was invaded.

What is said and decided here refers, of course, only to the rights of parties to an instrument drawn to the order of one or more of several payees. We do not pass upon the rights of the parties to an instrument which is drawn to the order of joint payees. Then, too, other questions might arise even as to the rights of one of several payees to whose order the instrument is drawn in the alternative, where there is allegation or proof that the possession of one payee is in fact possession as servant or agent of another payee. Here there are no allegations of such facts, but on the contrary, an allegation that the plaintiff " delivered " the note to the other payee.

For these reasons the judgment should be affirmed, with costs.

CRANE, J. (concurring). On the 11th day of January, 1929, Isaac Blumberg & Company delivered to the plaintiff, the Glens Falls Indemnity Company, its check dated that day, in the amount of $19,250, drawn on the Bank

of America, New York city, payable to the order of Adnaloy Realty Corporation and/or the Glens Falls Indemnity Company. Thereupon the latter company indorsed said check as follows: " Payment approved Glens Falls Indemnity Co., by Sidney G. Barnett, Attorney," and caused the same to be delivered to one Michael F. Longo, president of the Adnaloy Realty Corporation. That this was a delivery to the Adnaloy Realty Corporation was not only evidenced by the delivery to its principal officer, the president, but is confirmed by the repeated statements in the brief of the appellant that the indorsement and delivery of the check was to the co-payee. The statement is made more than once that this indorsement and delivery of the check was to the Adnaloy Realty Corporation.

The president, to whom the check had been delivered, took it to the Interstate Trust Company (now the Chase National Bank), having indorsed it " Adnaloy Realty Corp. by Michael F. Longo, Pres.," and " Michael F. Longo." The trust company collected the check from the Bank of America and applied the amount to a loan which it had made to Michael F. Longo. This debt, even if antecedent, constituted a valuable consideration for the check. (Neg. Inst. Law, § 51.)

The Glens Falls Indemnity Company has brought this action against the Interstate Trust Company for the conversion of the check, alleging in its complaint the facts heretofore stated, and that Longo, the president of the Adnaloy Realty Corporation, had no authority to use the check for his own indebtedness, all of which was known to the Interstate Trust Company. Do these facts constitute a cause of action in conversion by the Glens Falls Indemnity Company?

The Adnaloy Realty Corporation makes no complaint. It has not claimed that its president has converted its property or that the Interstate Trust Company had no right to pass the amount of the check to his indebtedness.

For all we know, his acts, if unauthorized, were ratified. However this may be, the action is not brought by that corporation for the conversion of its property, and thus *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37) is not applicable. We there held that " Any person taking checks made payable to a corporation, which can act only by agents, does so at his peril and must abide by the consequences if the agent who indorses the same is without authority, unless the corporation is negligent or is otherwise precluded by its conduct from setting up such lack of authority in the agent " (p. 42). The negligence or authority of the Adnaloy Realty Corporation is not before the courts by this pleading, as that corporation makes no claim to the fund and is not suing for any illegal acts or conversion by its president. This suit rests upon a claim by the Glens Falls Indemnity Company that its property has been converted and that its check has been wrongly applied by the president of another company, a co-payee.

What were the rights of these two payees to this check? A negotiable instrument may be drawn payable to the order of two or more persons jointly; or one or some of several payees. (Neg. Inst. Law, § 27.) Where the instrument is payable to the order of two or more persons who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others. (§ 71.) This applies to joint payees. But where the instrument is made payable to one *or* some of several payees, one may indorse and pass title. Where a note is made payable " to the order of A or B," the indorsement of either is sufficient to pass title. (*Voris* v. *Schoonover*, 91 Kan. 530.) In *Union Bank* v. *Spies* (151 Iowa, 178) it was held that a note payable to the " Royal Mutual Life Insurance Company, or Hugh Blackman," is payable to either and negotiable by the indorsement of either. (See, also, *Page* v. *Ford*, 65 Ore. 450; *Williams* v. *Thornton*, 160 Tenn. 229.)

Had the Glens Falls Indemnity Company cashed the check after indorsing its name on the back thereof good title would have passed to the person taking it. Is there anything in the law which prevents its thus passing title by indorsement and delivery to its co-payee? I think not. Even a joint payee of a negotiable instrument may legally assign it to one of the others (*Goddard* v. *Lyman*, 31 Mass. [14 Pick.] 268); and this may be accomplished by indorsement and delivery. (Daniel on Negotiable Instruments [6th ed.], § 701-a; *Sneed* v. *Mitchell's Executors*, 2 N. C. [1 Hayw.] 289.) This check in question could have been given by the Glens Falls Indemnity Company to the Adnaloy Realty Corporation without indorsement and that company could have collected the entire amount or exercised the same rights and privileges which belonged to its co-payee. All parties, including the defendant, are presumed to have known this law of negotiable paper. If the plaintiff, without indorsing the note, had passed it over to the president of its co-payee, he could have cashed it for his company, and the Adnaloy Realty Co poration could have received and collected the money. What was there, therefore, to put the defendant trust company on notice that this money or check belonged to the Glens Falls Indemnity Company? True, it had notice that the check was the property of the Adnaloy Realty Corporation, but it had no notice, actual or constructive, from the indorsements that the Glens Falls Indemnity Company had not parted with its title.

Not being obliged under the law to indorse the check in order to permit or authorize the Adnaloy Realty Corporation to collect or cash it and take the money, the indorsement must have meant something. Counsel for the appellant concedes, and such must be the fact, that if the president, Longo, had deposited the check in the name of his company, the plaintiff could not maintain this suit for conversion. The indorsement of the check

and the delivery to the corporation through its president authorized that corporation to deposit the check for collection and to collect it. If this be so, how can we say that the trust company had notice of the plaintiff's claim to title? Conceding the plaintiff could not maintain an action for conversion if Longo had put the money in the name of his company, how can we say that putting it in his own name gave notice to the trust company the property did not belong to his company but belonged to a third party? It does not follow logically, because the bank had notice from the form of indorsement that the money belonged to the Adnaloy Realty Corporation, that it also had notice that it was the property of the Glens Falls Indemnity Company. The positions are inconsistent. The plaintiff by its indorsement, " Payment approved, Glens Falls Indemnity Co., by Sidney G. Barnett, Attorney," and by the delivery to President Longo, passed title to the check to the Adnaloy Realty Corporation in so far as third persons were concerned who subsequently took for value and without notice. The trust company to whom Longo owed money took the check for a valuable consideration against all the world except Longo's company. As to it, the trust company had notice through the form of the indorsement that the money should be paid to the realty corporation and not to Longo. It had no notice that the plaintiff still had title to the check. Whatever adjustments were to be made between the plaintiff and the realty corporation, the plaintiff, by its indorsement and delivery, had parted with its title as to third parties cashing or taking the check for value and without notice. What the plaintiff is trying to do here is to make that rule of law stated in *Wagner Trading Co.* v. *Battery Park Nat. Bank (supra)*, which made the form of Longo's indorsement notice to the trust company that the check belonged to his company, also notice to the trust company that the check belonged to the Glens Falls Indemnity Company. The

duty upon the part of banks to make inquiry or to take notice of the rights or duties of their depositors has not been carried to this extent.

The plaintiff, having parted with its title in the manner heretofore stated, cannot maintain this action in conversion, and the complaint was properly dismissed.

CARDOZO, Ch. J., POUND and KELLOGG, JJ., concur with LEHMAN, J., CRANE, J., concurs in result in separate opinion in which O'BRIEN, J., concurs; HUBBS, J., not sitting.

Judgment affirmed.