James J. Doty, Appellant, v. W. D. Jamieson, Appellee.

No. 41294.

June 24, 1932.

Rehearing Denied September 23, 1932.

Keenan, Barnes & Clovis, for appellant.

Ferguson & Ferguson, for appellee.

Faville, J.—The appellant brought suit on a promissory note. The appellee admitted the execution of the said note, and by way of counterclaim pleaded in effect that he had been employed by the appellant, individually and personally, to render certain services before the Internal Revenue Department of the United States Government at Washington in securing a refund of certain taxes that had been paid by a corporation in which the appellant was the owner of the majority of the stock. A reply was filed pleading the statute of limitations and alleging that said contract pleaded by the appellee in his answer was

against public policy, illegal, and void. The jury returned a verdict in favor of the appellant for the amount due on said promissory note and denied the appellee any recovery on his counterclaim. The appellee filed a motion for a new trial predicated upon fifteen different grounds. The court entered an order sustaining said motion for a new trial generally and without any specification as to what particular ground or grounds were the basis for the court's ruling. It is from the granting of this motion for a new trial that this appeal is prosecuted, and of course it is incumbent upon the appellant to show that none of the fifteen grounds embraced in the appellee's motion for a new trial was meritorious.

We do not deem it necessary to review each of the several grounds of said motion for a new trial in this opinion. It may be readily conceded that some of them are without merit.

One ground of the motion for a new trial was predicated upon the claim of newly discovered evidence. A controversy arose with regard to said newly discovered evidence. An affidavit and a counter affidavit were filed and a witness examined in regard to said matter. It is strenuously insisted that the newly discovered evidence could not change the result of the verdict. We think under the issues that the newly discovered evidence, especially if it rose to the dignity claimed for it by the appellee, would be admissible. Its weight is not for us to determine; but the lower court, in the exercise of its discretion, might have found that the appellee was not guilty of negligence in failing to obtain said evidence, and that it would have some weight in the minds of the jury as corroborative of the appellee's contention. There was a square conflict in the evidence between the appellant and the appellee in regard to an alleged conversation which is the basis of the appellee's counterclaim, and the proposed evidence of an admission on the part of the appellant might, in the discretion of the trial court, be deemed of importance under the peculiar conditions disclosed.

It is a well-established and familiar rule of this court that where the trial court exercises a discretion in the matter of granting a new trial we will not interfere unless an abuse of such discretion is shown. The granting or refusing a new trial, especially where a question of evidence is involved, must of necessity rest largely in the discretion of the trial court. This

case presents such a situation, and we do not find that the court abused its discretion in granting the new trial, and that we would be justified in reversing its action. The rule is too familiar to require extensive citation of authorities, but see Code, 11550; Jelsma v. English, 210 Iowa 1065; Utseth v. Pratt-Mallory Co., 208 Iowa 1324; In re Estate of Richardson, 202 Iowa 328.

Another ground of the motion for a new trial had reference to the securing of the testimony of an attorney in the city of Washington, D. C. It was the contention of the appellee that an attempt had been made to secure the deposition of said witness, but through some miscarriage it had not been obtained. The showing of diligence in behalf of the appellee, it must be conceded, is rather meagre, and the failure to make timely application for a continuance militates against the right of appellee to have a new trial upon this ground. But in view of all the circumstances disclosed by the record, we are not disposed to hold that there is such a showing of an abuse of discretion on the part of the trial court as justifies interference on our part.

The argument of the appellant has of necessity taken a wide range in a discussion of each of the grounds of the motion for a new trial. A large amount of appellant's argument is devoted to the question as to the right of the appellee to recover on his counterclaim as a matter of law. In view of a retrial and the possibility that the record upon such retrial may differ from that before us, we expressly reserve making any pronouncement upon the legal questions involved. We rest our conclusion in this case upon the ground that the court did not abuse its discretion in granting a new trial in respect to the matters herein discussed. Whether or not any of the other grounds of the motion for a new trial were meritorious it is not necessary for us to determine, and we make no pronouncement in regard thereto.

The order of the trial court is—Affirmed.

WAGNER, C. J., and DE GRAFF, ALBERT, and GRIMM, JJ., concur.