IN RE ESTATE OF B. A. DIVELBESS.

CONTINENTAL ILLINOIS BANK & TRUST COMPANY, Substituted Claimant and Appellant, v. FRED DIVELBESS, Administrator, et al., Plaintiffs, and FRANK DIVELBESS et al., Defendants, Appellees.

No. 41628.

JUNE 20, 1933.

REHEARING DENIED DECEMBER 14, 1933.

Tinley, Mitchell, Ross & Mitchell and Robertson & Robertson, for appellant.

Tamisiea & Tamisiea, and John J. Hess, for appellees.

STEVENS, J.—This is a proceeding in probate for the establishment of a claim in favor of the appellant against the estate of B. A. Divelbess, who died intestate, based upon an alleged promissory note, consolidated with an action at law by the same plaintiff against Fred Divelbess, who is the administrator of the estate of B. A. Divelbess, and an action against Frank Divelbess personally upon the same written instrument. The consolidation of the actions was ordered by the court upon motion of appellant. The note in controversy was executed on March 1, 1923, in renewal of a previous note for the same amount which had been several times previously renewed. The note, which is lost, purports to be signed by B. A. Divelbess and Frank Divelbess, payable "to ourselves." B. A. Divelbess alone affixed his signature to the back of the instrument.

The pleadings are voluminous and are more or less complicated. Appellant filed an amended and substituted petition in probate and also in the action against Frank Divelbess on the note. In each of the amended and substituted petitions specific performance of an alleged oral agreement between the said Frank Divelbess and the State Savings Bank of Logan, by whom the execution of the instrument was procured, by which oral agreement the said Divelbess agreed to complete the instrument by signing his name on the back, is sought upon the ground that by mutual mistake or oversight the signature was omitted. The specific relief sought, as set forth in the pleadings, as against the estate and the defendant Frank Divelbess personally, is specific performance of the alleged oral agreement. After the issues were joined in the actions as consolidated, plaintiff moved to have the issue of reformation of the instrument and specific performance thereof as against Frank Divelbess and Fred Divelbess, as administrator transferred to equity for trial. The ruling of the court upon this motion, which sustained it in part, is as follows:

"And it is ordered by the court that this action and the hearing on the claim of the plaintiff herein against said Fred Divelbess, administrator of the estate of B. A. Divelbess, deceased, be and the same are hereby consolidated, and that as so consolidated said

actions be and they are hereby transferred to equity for the purpose of hearing and determining the issues of mutual mistake and reformation raised by the plaintiff in its substitute petition herein; and that after the determination of said equitable issues, any legal questions then remaining shall be determined in said consolidated action as law issues."

A trial of the actions consolidated by order of the court upon the equitable issues transferred was thereafter had.

At the conclusion of all of the testimony, the court made numerous findings of fact, all of which were against appellant and decreed that "the equitable issues wherein the reformation of the note of March 1st, 1923, is sought, is hereby dismissed at plaintiff's cost." The argument of appellee in this court is limited strictly to the issue of reformation.

 Appellant also has discussed the questions involved in this issue at considerable length and also contends that the court erred in refusing to also transfer the issues of specific performance to equity for trial. We perceive no sound reason for the transfer of the issue of reformation to equity for trial and the denial of the motion to transfer the issue of specific performance. Both are essentially equitable in character. If counsel for each of the respective parties had tried the case below and in this court upon the theory that all of the equitable issues had been transferred, this court might so treat them, but such is not the case. We are without brief or argument on behalf of appellee on the issue of specific performance. No doubt, this is true for the reason that only the issue of reformation of the note was transferred to equity for trial. We shall therefore dispose only of the equitable issue of reformation and remand the case for such further proceedings below as may be found desirable or necessary with respect to the issue of specific performance and the other issues joined in the case.

The argument of appellee in this court proceeds upon the theory that the instrument in controversy was in fact not completed as required by section 9501 of the Code of 1931, and that it is a mere nullity in consequence and not capable of reformation in a court of equity. Section 9501 is as follows:

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others."

█ Frank Divelbess in his answer to the amended and substituted petition of appellant denied that he ever signed the note or knew of its existence prior to the death of his father, B. A. Divelbess. He supported this denial with his testimony. The instrument not having been indorsed on the back by Frank Divelbess is obviously incomplete. No doubt the prayer for specific performance is offered in recognition of that fact.

█ A court of equity may not, upon a prayer for the reformation of a written instrument, supply any of the elements necessary to give it validity or compel the party in default to supply the omitted elements. Casady v. Woodbury County, 13 Iowa 113; Glass v. Hulbert, 102 Mass. 24, 3 Am. Rep. 418; Petesch v. Hambach, 48 Wis. 443, 4 N. W. 565. The proposition is elementary, and the citation of authority to support it is quite unnecessary. The function of a court of equity in such cases is to reform a written instrument which already possesses the essential elements of a contract and which is a contract so as to make it conform to the true agreement of the parties. But is the instrument in suit in its present form, which all agree is incomplete, a mere nullity? If so, as already indicated, the court not only will not, but cannot, reform it. The statute quoted supra specifically requires a note signed by several makers which is made payable to two or more of such makers to be indorsed by all such makers upon the back thereof to give it validity. Louisa County Nat. Bank v. Burr, 198 Iowa 4, 199 N. W. 359; In re Estate of Richardson, 202 Iowa 328, 208 N. W. 374; In re Estate of Talbott, 200 Iowa 585, 203 N. W. 303; Odell v. Clyde, 23 Misc. 734, 53 N. Y. S. 61; Sugar v. Silverman, 105 Misc. 293, 173 N. Y. S. 182; Ewan v. Brooks-Waterfield Co., 55 Ohio St. 596, 45 N. E. 1094, 35 L. R. A. 786, 60 Am. St. Rep. 719.

A person cannot sue himself, nor can he be both debtor and creditor in the same transaction. Numerous cases are cited by appellant in response to the above proposition, but none of them are in conflict with the rule stated above. Among the cases cited are In re Estate of Talbott, 200 Iowa 585, 203 N. W. 303; Elizabeth Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743; Union Bank v. Spies, 151 Iowa 178, 130 N. W. 928.

The decision of this court In re Estate of Talbott, supra, is, in principle, typical of all of them. The rule therein stated is a familiar one, and no doubt has general recognition under the Nego-

tiable Instruments Law. It is that, where the payee of a note is one of several makers, he may transfer it upon his own, and without, the indorsement of his comakers. The instrument in such case is complete. It is not necessary in such instance that the payee sue himself. He may sue any one or all of the remaining makers. The cases relied upon are not in point.

Appellant also relies upon section 9509 of the Code, which is as follows:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

This provision of the Negotiable Instrument Law is obviously not applicable to the facts of this case. The statute presupposes a valid instrument which the holder has transferred without proper indorsement. The purport of the section is that in such case title to the instrument vests in the transferee. The cases cited by appellant in effect so hold. This is true of Lawrence v. Citizens State Bank, 113 Kan. 724, 216 P. 262, and Simpson v. First Nat. Bank, 94 Or. 147, 185 P. 913, upon which principal reliance is placed. This provision of the law has no application to an instrument void under the statute because of noncompliance therewith.

It is argued by counsel for appellee that no title to the paper in controversy passed to the bank taking the same or to appellant. This question may have some bearing on the issue of specific performance which is not before us at this time for decision. The cause of action alleged in this case is not based upon money had and received, and judgment is asked upon the instrument as reformed. As in the judgment of the court, reformation may not be decreed upon the record before us, it follows that, as to this issue, appellant's petition was properly dismissed.

The specific performance asked in each of the amended and substituted petitions filed is of an alleged oral contract. No reformation at this point is necessary. The cause of action based upon such oral contract is wholly independent of the issue designed to procure reformation of the alleged written document. On the issue of

specific performance, we express no opinion. The judgment and decree of the court should be so modified as to permit a trial of this issue in equity if desired and deemed proper.

It is therefore ordered that the cause as to this issue be remanded to the district court to be disposed of in harmony with this opinion. In all other respects the decree should be affirmed.—Affirmed.

All Justices concur.