PITT, Adm'r, *v.* POOLE.

(*Nashville.* December 22, 1891.)

1. FRAUDULENT CONVEYANCE. *Impeachment of by grantor's administrator. Proof of debts essential.*

In administrator's suit, brought after suggestion of insolvency of estate, to set aside his intestate's fraudulent conveyance of lands, and subject them to payment of debts, if the existence of indebtedness is denied, the complainant is not entitled to relief unless he shows, by satisfactory evidence, that there are subsisting and unpaid debts against the estate.

Code construed: ₰ 3241 (M. & V.); ₰ 2395 (T. & S.).

Cases cited: Boxley *v.* McKay, 4 Sneed, 289; Spencer *v.* Armstrong, 12 Heis., 707; Armstrong *v.* Croft, 3 Lea, 191; Lassiter *v.* Cole, 8 Hum., 621.

2. SAME. *Same. Same.*

And if the conveyance was not fraudulent in fact, but merely voluntary, then it is essential that complainant prove the existence of the debts not only at the intestate's death, but also at date of the deed.

3. SAME. *Same. Same.*

It is not sufficient proof of the existence of debts in such suit, without more, for the administrator to state in his deposition that "there has been filed with me as administrator ❊ ❊ ❊ claims to the amount of $1,803.90, all of which are correct so far as I am able to judge."

FROM MONTGOMERY.

Appeal from Chancery Court of Montgomery County. JORDAN STOKES, Sp. Ch.

LEECH & SAVAGE for Pitt, Adm'r.

WM. M. DANIEL for Poole.

LURTON, J.  Complainant, as administrator, files this bill to reach certain real estate, and subject same to the satisfaction of the debts of his intestate, upon the ground that it had been conveyed by the decedent in fraud of his creditors.  The bill charges that ·the insolvency of the estate had been suggested; that the personal property which has come to his hands has been sold, realizing only some five hundred dollars; that the debts of the intestate amount to about eighteen hundred. dollars, "about all of which has been filed with complainant."  It then alleges that his intestate had, in fraud of his creditors, conveyed the property in question to the defendant, who was his sister; that "at the time of this conveyance said intestate was indebted to the above amount, and to the same parties  *  *  *  and was wholly insolvent, and so known to be to defendant, A. R. Poole, and that said conveyance was made to defeat and defraud creditors, and so known to defendant, and was in fact without any consideration whatever, though the deed recites one of five hundred dollars."

Defendant demurred and answered.  In her answer she denies all of the material allegations of the bill, and especially that her brother, the intestate, owed any debts at his death, and calls

for proof of same. She denies that the convey-ance was fraudulent or without consideration. The effect of this answer was to put the complainant to the proof of every allegation necessary to make out his case. For the purposes of this case it may be assumed that complainant's proof does show that the conveyance was a voluntary one, intended to secure to a dependent and widowed sister, with a large family, a small home.

The proof shows that this conveyance was made about one week before the death of the intestate. There is, however, no proof that at the time of the conveyance the grantor was indebted to *any* extent. The allegation of the bill that he was indebted to insolvency at the time of the convey-ance is therefore not established. Neither is there any sufficient proof of the existence of debt at decedent's death. The only proof offered to es-tablish indebtedness is that of complainant himself, who states in his deposition that "there has been filed with me, as administrator of B. F. Madule, claims to the amount of $1,803.90, all of which are correct, so far as I am able to judge."

At the common law an administrator could not impeach the conveyances of his intestate. He was regarded as the representative of the intes-tate and estopped by his deed. 8 Hum., 621. But by the Code, § 3241 (M. & V.), an action is given to an executor or administrator " as the representative of the creditors of an insolvent estate," to subject property by bill which had been

fraudulently conveyed, the proceeds to be distributed *pro rata* among the creditors. It has been held that to sustain such a bill it was essential that it should show that the insolvency of the estate had been already suggested. *Boxley* v. *McKay*, 4 Sneed, 289.

The right of a creditor of a deceased debtor to file a bill and subject property fraudulently conveyed does not depend on this statute. Such a creditor may maintain his bill against a fraudulent vendee without a judgment against his debtor or his representative, and without joining the administrator as a party. *Spencer* v. *Armstrong*, 12 Heis., 707; *Armstrong* v. *Croft*, 3 Lea, 191.

But when an administrator under this statute files a bill against such a vendee, he does so as the representative of the creditors, and he must show that there are such creditors whom he may represent. It is not enough to show that claims have been filed with him, and that, so far as he knows, they are correct. The defendant has a right to contest the existence of creditors entitled to be represented by the administrator, and when this fact is put in issue by a denial of an allegation to that effect, the burden is upon the complainant to establish by competent evidence this essential fact to a recovery. If claims had been reduced to judgment, or allowed by the clerk of the County Court as uncontested, this might be sufficient. But that claims have been filed with an administrator, correct, "so far as he can judge,"

Pitt, Adm'r, *v.* Poole.

is not enough where the existence of valid debts is disputed. Neither can complainant recover without showing indebtedness at date of conveyance. That at date of intestate's death he was indebted is not enough; *non constat* that this indebtedness was not made after the conveyance.

Complainant's proof does not support his case. The decree of the Chancellor must be reversed and the bill dismissed.