BERTHA WILSON *et al. v.* A. J. WILSON.[*]

(*Knoxville.*   September Term, 1924.)

1. WITNESSES. Testimony of plaintiffs, tending to show gift from decedent, properly excluded.

In suit against executor for proceeds of note collected by latter, testimony of plaintiffs as to conversations with decedent, tending to show a gift to them of the note, was properly excluded under Thompson-Shannon Code, section 5598. (*Post p.* 489.)

Case cited and approved: Atchley v. Rimmer, 148 Tenn., 303.

Code cited and construed: Sec. 5598(T. S.).

2. WITNESSES. Testimony of third persons as to conversations with decedent held admissible.

In action against executor for proceeds of note claimed by plaintiffs as gift from decedent, testimony of third persons as to conversations with deceased *held* admissible under Thompson-Shannon, Code, section 5598.   (*Post, pp.* 489, 490.)

Case cited and approved: Atchley v. Rimmer, 148 Tenn., 303.

3. WITNESSES. Testimony as to conversations with decedent held admissible to rebut inference that plaintiffs did not claim ownership.

In action against executor for proceeds of note claimed by plaintiffs as gift from decedent, testimony of plaintiffs as to conversations with decedent tending to show why they permitted decedent to use moneys collected on note during his lifetime, *held* admissible as

[*]On sufficiency of constructive delivery to sustain gift *causa mortis*, see note in 18 L. R. A., 170.

For authorities discussing the question as to whether promissory note is ineffectual to perfect a gift *inter vivos* or *causa mortis*, see notes in 26 L. R. A., 305; 7 L. R. A. (N. S.), 156; 27 L. R. A. (N. S.), 308, L. R. A., 1918C, 340.

Wilson v. Wilson.

tending to rebut the inference that they had surrendered or did not 'aint the note. (*Post, pp.* 490, 491.)

Case cited and approved: Gibson v. Buis, 142 Tenn., 133.

4. GIFTS. Indorsement and declarations of donor held sufficient to prove intent.

Indorsement of note by the payee, corroborated by unimpeachable proof of his declarations, *held* sufficient to prove payee's intention to give note to plaintiffs. (*Post, pp.* 491, 492.)

5. GIFTS. Delivery essential to validity of gifts whether inter vivos or causa mortis.

Delivery is necessary to perfect gifts *inter vivos*, as well as gifts *causa mortis*, and the rules governing delivery are substantially the same in either case. (*Post, pp.* 492-494.)

6. BILLS AND NOTES. Delivery presumed from indorsement and surrender of possession.

Where an instrument leaves the posession of one whose signature is indorsed thereon, a valid and intentional delivery by him is presumed under Thompson-Shannon Code, section 3516a15. (*Post, pp.* 492-494.)

7. GIFTS. Evidence held sufficient to show delivery.

Evidence that one of decedent's daughters claiming gift of note took same after its indorsement by decedent, and kept it in her trunk with other valuables, *held* sufficient to show gift completed by delivery in view of Negotiable Instruments Law, section 16. (*Post pp.* 492-494.)

Acts cited and construed: Acts 1899, ch. 94.
Case cited and approved: Royston v. McCulley, 59 S. W., 775.
Case cited and distinguished: Scott v. Bank, 123 Tenn., 258.
Code cited and construed: Sec. 3516a15 (T.-S.).

8. GIFTS. Evidence held insufficient to show revocation.

Evidence that daughters to whom their father gave note permitted him during his lifetime to look after its collection, and to use a

part of the moneys received, *held* insufficient to show any revocation or attempted revocation of the gift. (*Post, pp.* 494, 4⅝.)

Acts cited and construed: Acts 1919, ch. 125.

9. **GIFTS.** Date of indorsement of note not conclusive as to date of delivery.

The date of the indorsement of the note claimed as a gift is not conclusive as to the date of the gift, since indorsement may be at one time, and delivery at another. (*Post, p.* 495.)

---

FROM BLOUNT.

---

Appeal from the Chancery Court of Blount County.— Hon. M. H. Gamble, Chancellor.

McTeer Kramer & Quinn, for complainants.

Crawford & Goddard, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by Bertha Wilson and Ella Wilson Jones, daughters of D. A. Wilson, deceased, to recover from the executor of the latter the proceeds of a certain note, formerly the property of the deceased, and collected after his death. The daughters, complainants in this case, aver that during the lifetime of their father he gave them this note; that prior to his death he became sick and short of funds; and that at his request they agreed that he might collect and use part of the proceeds of the note to relieve his necessities. The note was thereupon placed in the hands of an attorney at

Maryville. A small amount of it was collected before the father's death, and used by him. The balance of the note, something over $2,000, was collected by the attorney after the father's death, and the attorney, thinking the note belonged to the father, turned this sum over to the executor. The executor filed an answer denying that any gift of the note was made by D. A. Wilson to the complainants, and asserting that the proceeds of the note turned over to him as above stated were assets of the estate of the deceased. One of the creditors of the deceased filed a petition in the case, and was allowed to become a party thereto, and this petition asserted that the deceased, at the time of the alleged gift, had undertaken certain obligations, the total of which exceeded the value of his estate, and that the alleged gift of the note, if attempted as claimed by the daughters, was invalid as a voluntary conveyance.

Proof was taken, and upon the hearing the chancellor was of opinion that the daughters had failed to establish a gift of the note to them by the father, and the bill was dismissed. From this decree the daughters have appealed to this court. Many of the assignments of error relate to the action of the chancellor with reference to the exclusion of certain evidence. The chancellor excluded testimony of the two daughters as to conversations with their father, tending to show that a gift of this note was made. This ruling was proper. *Atchley v. Rimmer*, 148 Tenn., 303, 255 S. W., 366, 30 A. L. R., 1481. Thompson's Shannon's Code, section 5598.

The chancellor went further, and excluded the testimony of Fred Wilson, a brother of the complainants, and of McCulloch, the maker of the note, as to conversa-

tions which they had with the deceased, tending to show a gift of said note to the daughters  This was error Fred Wilson and McCulloch are not parties to this case, and no statute disables them from testifying as to these conversations with the deceased.  This court did not hold in *Atchley* v. *Rimmer,* 148 Tenn., 303, 255 S. W., 366, 30 A. L. R., 1481, that proof of declarations of a decedent, indicating a gift by him, was incompetent when such proof came from third persons, not parties to the litigation. It was held that a gift could not be established by proof of declarations of the alleged donor alone, but it was conceded that such proof might be considered along with other evidence to set up a gift.

The chancellor also excluded testimony of the daughters as to conversations with their father, tending to show why they permitted him to use part of the collections on the note for his own purposes, and why they turned the note over to the attorney, who was their father's attorney, for collection.  We think this was likewise error.  The daughters' testimony as to conversations with their father, tending to show the alleged gift was incompetent, and properly excluded, as noted above, but it was permissible for the daughters to testify as to such conversations by way of rebutting the inference that they had surrendered or did not claim the note, arising from the fact that their father used part of the proceeds thereof, and from the fact that the note was turned over to their father's lawyer for collection.  *Gibson* v. *Buis,* 142 Tenn., 133, 218 S. W., 220.

There are other assignments of error with reference to the action of the chancellor on testimony, but in our opinion such assignments raise no material question.

That is to say, the evidence, the competency of which is in controversy, upon these other assignments of error, is of no particular weight either way.

Looking then to the competent proof, it is shown by the testimony of the maker of the note, McCulloch, that when he went to pay interest thereon, a few months prior to the death of D. A. Wilson, the latter told McCulloch that he (Wilson) had given the note to his daughters. At the request of Wilson, one of his daughters with whom he was living went to her trunk and got out the note. McCulloch made his payment, and the same was duly credited on the back of the note. It is likely that Wilson entered this credit himself. The son, Fred Wilson, likewise testifies that his father told him (Fred Wilson) that he (the father) had given the note to the two girls.

The note bears an indorsement to the effect that it is assigned to Bertha Wilson and Ella Wilson Jones. This indorsement is in the handwriting of D. A. Wilson, and signed by him. No point is made upon the indorsement, except as to the date of it.

This case differs from *Atchley* v. *Rimmer,* supra, and some other authorities relied on by the executor, in that the note involved is indorsed by the alleged donor to those claiming it. No stronger evidence of an intention to give a negotiable instrument could be offered than a *bona-fide* indorsement of such instrument by the donor to the donee. When this is corroborated by proof of declarations of the donor, from an unimpeachable source, proof of the intention to give seems complete. It only remains to prove delivery to establish the gift. We see no reason why McCulloch's testimony as to the declara-

tions of the deceased made with respect to this note should not be accepted as entirely disinterested and reliable.

Upon the question of delivery, Negotiable Instruments Act (chapter 94 of the Acts of 1899) section 16, provides: ". . . But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him, so as to make them liable to him, is conclusively presumed. And when the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Thompson's Shannon's Code, section 3516a15.

In the prefix to the act, "delivery" is defined as follows: " 'Delivery' means transfer of possession, actual or constructive, from one party to another."

In addition to *Atchley* v. *Rimmer,* supra, our courts have considered the question of delivery of gifts in at least two other elaborate opinions. One of the cases is *Scott* v. *Bank,* 123 Tenn., 258, 130 S. W., 757, opinion by Judge BEARD. The other case is *Royston* v. *McCulley* (Tenn. Ch. App.), 59 S. W., 775, 52 L. R. A., 899, opinion by Judge WILSON. One of these cases involved a gift *causa mortis,* and the other a gift *inter vivos.* Delivery is necessary in either case to perfect a gift, and the rules governing delivery are about the same.

In *Scott* v. *Bank,* supra, Judge BEARD concluded: "An examination of the modern cases all show, while courts will scrutinize with care the evidence upon which gifts *causa mortis* are sought to be sustained, and will require in every case clear and convincing proof, yet, when it is once ascertained that it is the intention of

the donor to make such a gift, and all is done which is possible under the circumstances in the matter of delivery, the gift will be sustained.''

In *Royston* v. *McCulley,* supra, affirmed by this court, and again approved in *Scott* v. *Bank,* supra, a note was indorsed by the donor to a young woman living in his house, and a declaration made of his intention to give her the note. He then put the note away among his papers in the house. It was held that this subsequent possession on his part was possession as agent of the donee, and not in his own right, and that delivery had been completed.

As above stated, after this note was indorsed to the two daughters, it was placed in a trunk belonging to Ella Wilson Jones. She kept her valuables in this trunk. The father was at this time living with Mrs. Jones, and he also kept some of his valuable papers in the same trunk. The testimony of McCulloch is that, when he came to pay interest on the note, he asked to see it that he might make a copy of previous credits. McCulloch quotes D. A. Wilson as saying that he (Wilson) could not let him (McCulloch) have the note, that the note had been given to the daughters. It seems plain from this testimony that Wilson considered that he had given up possession of the instrument, and he called Mrs. Jones, and she got the note out of her trunk. The mere fact that Wilson kept some of his own valuable papers in his daughter's trunk does not destroy the inference that this note in her trunk was in her possession.

Now, applying the rules of law with reference to delivery heretofore quoted from our statutes and decisions, the proof of delivery seems sufficient. The instrument having left the possession of Wilson whose signature

was indorsed thereupon, "a valid and intentional delivery by him is presumed until the contrary is proved." Thompson's Shannon's Code, section 3516a15. Under the rule announced in *Scott* v. *Bank,* supra, was not all done which was "possible under the circumstances in the matter of delivery?" What more could have been expected of the daughters by way of acceptance of the gift than placing the note in a trunk of one of them where she kept her valuables? What more could have been expected of the father by way of delivery than indorsing the note and turning it over to his daughters to be so kept? Under the circumstances, would not any shadow of possession of the note thereafter had by the father be held to be as agent of the daughters, and not in his own right, as in *Royston* v. *McCulley,* supra?

The testimony of Fred Wilson, the brother, and of the two daughters sufficiently explains subsequent dealings with the note, and shows that the girls did not intend to give it back to their father nor surrender their claim to the instrument, when they allowed their father to use some of the money collected thereupon, and when the note was finally turned over to the attorney for collection. The father was sick, seems to have had no income, and it was entirely natural that the daughters would have granted his request to be allowed to use part of the proceeds of the note. The circumstance that these family details were not communicated to the attorney when the note was turned over to him for collection is not of controlling influence.

We do not think that the facts proven, as explained, indicate any attempt on the part of the father to revoke this gift, nor that the daughters consented to any such

revocation. They were not women of business experience, and their father might very well have looked after the collection of the note for them after giving it to them, without in any way intending to claim the note as his property.

We are therefore of opinion that complainants have shown a valid gift of this note to them by their father. If he was in circumstances permitting of such a gift on his part, the daughters are entitled to the proceeds of the note.

We are not satisfied upon the record before us as to the financial condition of D. A. Wilson at the time of this gift. The date of the gift is in controversy. Our decisions, as well as chapter 125 of the Acts of 1919, have established rather stringent rules with reference to voluntary conveyances. It not being clear to us from the proof so far taken that D. A. Wilson was justified in undertaking this gift to his daughters, we think there should be further investigation as to the extent of his obligations and the value of his estate at the time the gift was attempted. The case must therefore be remanded for additional proof to show what the date of the gift really was, and what the real financial condition of D. A. Wilson was at that time.

A question is made by the defendant as to the date of the indorsement. It is suggested that this date has been altered. The date of the indorsement, however, is not conclusive as to the date of the gift. Indorsement may be at one time, and delivery at another.

Reverse and remand, for further proceedings. The costs of this court will be paid by the executor, and the costs below will be adjudged by the chancellor.