MARLIN *v.* MERRILL.

(*Nashville*, December Term, 1939.)

Opinion filed April 6, 1940.

JAMES W. STOKES, of Nashville, for plaintiff.

A. P. OTTARSON, JR., of Nashville, for defendant.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a replevin suit instituted by Mrs. J. D. Marlin in the court of general sessions of Davidson County, against Mrs. Ella Merrill for recovery of the possession of an automobile. The automobile was seized under the writ and delivered to the plaintiff. On the trial of the case the following judgment was pronounced:

"It is hereby ordered and adjudged that defendant be restored to possession of property and upon failure to do so within 2 days that defendant have and recover from plaintiff and the surety on her bond the sum of $425.00, and plaintiff shall pay the costs of this cause, for all of which let execution issue, and the replevin is dismissed.

"This 17th day of March, 1939.

"S. Trigg Moore, Judge of Part II,
"Court of General Sessions."

Plaintiff, on the day the judgment was entered, prayed and was granted an appeal to the circuit court. An appeal bond in the penalty of $25 was executed. Defendant moved to dismiss the appeal on the ground that plaintiff should have brought the case up by *certiorari*. This motion was sustained by the trial judge and the appeal dismissed and the case remanded to the court of general sessions for the execution of the judgment entered in that

court. Plaintiff has appealed to this court and assigned errors.

The court of general sessions for Davidson County was established by Chapter 12, Private Acts 1937. Section 6 thereof is as follows:

"Sec. 6. Be it further enacted, That the rules of pleading and practice, forms of writs and process, stay of appeals from judgments in civil cases of said Court shall be same as of Justices of the Peace, except no appeal shall be granted from a judgment dismissing a suit or judgment which does not exceed the amount of $50.00, exclusive of interest and cost; however, a new trial of said excepted cases may be had and with as full rights as if on appeal to the Circuit Court, provided a petition for a writ of *certiorari* showing merit and sworn to has been filed with the Circuit Court within ten days from the date of the judgment complained of, and the writ has been granted. No execution shall issue during said period of ten days unless said writ has been previously denied."

The statute on replevin (Code, Section 9283 *et seq.*) is a complete Act covering the entire subject of replvin. By section 9308 it is provided that either party may appeal from the justice's judgment to the circuit court, within two days after the judgment is rendered, on giving bond in double the value of the property replevied, payable to the opposite party, but that such bond is not required of a defendant not in possession and unsuccessful before the justice. In *James* v. *Kennedy,* 174 Tenn., 591, 129 S. W. (2d), 215, it was held that the provisions contained in section 6, chapter 12, Private Acts 1937, limiting review of judgments of the court of general sessions for Davidson County to petition for *certiorari* in cases in which judgment is for the defendant, or is for a sum of

less than $50, and costs, is not unconstitutional as depriving a litigant of right of appeal.

It must be noted that the provision of section 6 with reference to "judgment which does not exceed $50.00, exclusive of interest and cost," is not limited or confined to plaintiffs alone, but has equal application to defendants .recovering by way of recoupment, set-off, or cross-action, or in replevin, a sum less than $50 against the plaintiff, and either party would be compelled to resort to *certiorari* to obtain review in the circuit court; but if the defendant recovered judgment for an amount in excess of $50, then the right to appeal will exist.

■ Where plaintiff's action is in replevin and the judgment of the court is that the possession of the property be restored to defendant and upon failure to do so that defendant have and recover of plaintiff and the surety on the replevin bond a sum in excess of $50 then, in such case, we hold plaintiff would be entitled to an appeal to the circuit court.

■ It is true that plaintiff in such case may discharge the judgment by restoring the property to defendant, but where, as in the instant case, the property, as ascertained from the bond, had a value of $350, and the conditional judgment rendered, if the property was not restored to the defendant, was $425, it is clear that the judgment was in excess of $50, and, hence, that plaintiff, under section 6 of the Act, had the right of appeal.

The trial judge was in error in dismissing plaintiff's appeal on the ground mentioned and the judgment is reversed and the cause remanded to the circuit court.